**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

**In re:**
**DALE GENE HALL and**                                         Chapter 7
**REBECCA LIND THOMPSON-HALL,**                    Case No. 12-51245
    **Debtors.**

**DALE GENE HALL and**
**REBECCA LIND THOMPSON-HALL,**
    **Plaintiffs,**

**v.**

**JPMORGAN CHASE BANK, N.A.,**
    **Defendant.**

### MEMORANDUM DECISION

Before the Court is a motion by JPMorgan Chase Bank, N.A. ("Chase") asking the Court to refer the remaining two counts of its state court complaint against the debtors, Dale and Rebecca Hall ("Halls"), to the Augusta County Circuit Court ("motion to refer"). ECF Doc. No. 80. The Halls filed a response opposing Chase's motion to refer ("response"). ECF Doc. No. 81. Two other matters pending before the Court are now also ripe for decision. One is the Halls' motion seeking a permanent injunction against Chase pursuing its remaining counts before the Augusta County Circuit Court ("motion for injunction"). ECF Doc. No. 42. The other is the Halls' motion requesting contempt sanctions against Chase pursuant to section 524(a) ("motion for sanctions"). ECF Doc. No. 43.

### FINDINGS OF FACT

Three-and-a-half years after the Halls received their chapter 7 discharge, Chase filed a three-count action against them in Augusta County Circuit Court ("state court action"). The reason for the state court action is simple: the Halls own their home as tenants by the entireties but

only Dale Hall signed the promissory note and the deed of trust.[1]  As a result, Chase's security interest never attached to the home.

A month into the Halls' bankruptcy case, the chapter 7 trustee requested the Court issue notice to creditors stating they should file a proof of claim because the Halls' home was an asset of the estate.  ECF Doc. No. 12.  Nineteen unsecured creditors filed timely proofs of claim, but the trustee found the Halls had no joint unsecured creditors who could have benefited from the potential equity in the home.  *See Williams v. Peyton (In re Williams)*, 104 F.3d 688, 690 (4th Cir. 1997) ("Virginia law . . . provides that property held by spouses as tenants by the entirety is exempt from individual (*i.e.*, non-joint) creditors, but is not exempt from the claims of joint creditors.") (citations and emphasis omitted).  A year later, the trustee noticed his intent to abandon the estate's interest in the home.  ECF Doc. No. 35.  When no one objected, the chapter 7 trustee filed his Report of No Distribution, indicating he had no assets to administer.  ECF Doc. No. 39.  The Court closed the case in short order.  ECF Doc. No. 40.

Because the Halls obtained a personal discharge of their debts at the end of 2012, Chase found itself empty-handed: no longer able to recover from the Halls on their now-discharged personal liability, Chase also could not foreclose against the home due to its defective deed of trust.[2]  When Chase initiated the state court action, the Halls wasted little time moving to reopen their case, filing the motion for injunction and the motion for sanctions.  ECF Doc. Nos. 41, 42, 43.

The Halls contend Chase's state court action runs afoul of the section 524(a)(2) discharge

---

[1]    Chase is the assignee of the deed of trust.

[2]    The parties do not mention whether the Halls are making the mortgage payments.  The Court assumes the payments are in default.

2

injunction.[3]  Chase responds that the discharge injunction is intact and not at risk because Chase only seeks in rem relief against the Halls' residence.  Chase insists its actions are consistent with the longstanding bankruptcy principle that liens survive the bankruptcy unless dealt with during the bankruptcy.  Throughout all subsequent proceedings before the Court, Chase has remained adamant it is not seeking any personal recovery from the Halls.

By Order on October 28, 2015, the Court referred the declaratory judgment count of Chase's state court action to the Augusta County Circuit Court.  ECF Doc. No. 61.  The Court also enjoined Chase from pursuing its remaining two counts—reformation of the deed of trust and imposition of a constructive trust for unjust enrichment—until further order from the Court.[4]  *Id.* At the time, it was unclear to the Court whether the reformation and unjust enrichment counts infringed on the discharge injunction.

Chase's advance on the declaratory judgment count was short-lived.  The Augusta County Circuit Court sustained the Halls' demurrer in a May 31, 2016 Letter Opinion.  ECF Doc. No. 76. Following a continued telephonic pre-trial conference on June 21, 2016, the Court asked Chase and the Halls to brief the remaining issues.  The motion to refer and the response followed.[5]

After considering the law and the arguments of the parties, the Court finds it appropriate to dissolve the temporary injunction in place since its October 28, 2015 Order.  Consequently, the Court will deny the Halls' motion for injunction and will deny Chase's motion to refer as moot. The Court further finds that while Chase's request to show that it may reform the deed of trust does

---

[3]  Sections 524(a)(1) and (3) are inapplicable to this proceeding.

[4]  This Order modified the Court's August 11, 2015 Temporary Order of Injunction.  ECF Doc. No. 50

[5]  Although the Court did not request the parties to file additional pleadings, Chase subsequently filed a reply to the response, ECF Doc. No. 83, and the Halls parried with a brief, ECF Doc. No. 84.  The Court has reviewed these additional pleadings but they do not change the outcome.

3

not infringe on the discharge injunction, Chase will run afoul of section 524(a)(2) if it continues to litigate its unjust enrichment claim. The above rulings allow the Court to dispose of the Halls' motion for sanctions, which the Court will deny.

## JURISDICTION

The Court has jurisdiction over this bankruptcy case by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a), the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. At issue is whether Chase has violated the bankruptcy discharge injunction by pursuing the state court action. This matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(1). *Harlan v. Rosenberg & Assocs., LLC (In re Harlan)*, 402 B.R. 703, 710 (Bankr. W.D. Va. 2009).

## CONCLUSIONS OF LAW

*A. Equitable remedies and in rem relief*

The discharge operates as an injunction against certain actions. 11 U.S.C. § 524(a). It is not a violation of the section 524(a) discharge injunction for a secured creditor to seek only in rem relief against the debtor's property. *See id.* § 524(a)(2) (limiting injunction to collection actions aimed at "a personal liability of the debtor"); *see also In re Tucker*, 516 B.R. 340, 346 (Bankr. W.D. Va. 2014) (clarifying bankruptcy discharge does not prohibit in rem actions against debtors and only forbids in personam actions) (collecting cases); *Sharif v. IndyMac Bank (In re Sharif)*, 411 B.R. 276, 280 (Bankr. E.D. Va. 2008) (explaining discharge injunction "does not prohibit acts to enforce valid liens against property of the debtor"). It is this point that guides the Court's decision today.

4

1. <u>Chase's reformation action is an in rem remedy that does not infringe upon the discharge injunction</u>

The Augusta County Circuit Court ruled Chase's deed of trust, in current form, is defective and is not a "valid and enforceable" lien against the home. ECF Doc. No. 76 at 3. All the same, Chase may have an enforceable interest in the home if all parties intended to grant Chase a lien, but simply failed to do so through mistake of fact in the written instrument. *See Branch Banking & Trust Co. of Va. v. Jessee (In re Creger)*, 403 B.R. 381, 386 (Bankr. W.D. Va. 2009) (pointing out mutual mistake of fact is an essential element of reformation) (collecting cases). Based on the case law, the Court concludes section 524(a)(2) does not prevent Chase from attempting to show grounds exist to permit reformation of the deed of trust. This is a pure in rem action that has longstanding precedent in Virginia law. *Ward v. Ward*, 387 S.E.2d 460, 462 (Va. 1990); *Boone v. Scott*, 187 S.E. 432, 436 (Va. 1936); *see also Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (reaffirming liens are unaffected by discharge and describing mortgage interest as a "right to an equitable remedy"); *Hoffman v. First Nat'l Bank of Bos.*, 135 S.E.2d 818, 821–23 (Va. 1964) (explaining when an enforceable equitable lien arises and discussing equitable liens). Chase will either prevail upon a showing of clear and convincing evidence or it will not, but the Court finds that it cannot stop Chase from trying.

The fact that Chase waited three-and-a-half years post-discharge to file the state court action is irrelevant. The Halls would have found themselves in the same position had Chase sought equitable relief on December 19, 2012, the day after the Court issued their discharge order. Section 524(a)(2) punishes those who attempt to collect on a debtor's personal liability for a discharged debt and is enforceable immediately upon discharge. *C.f. Wofford v. Scott (In re Scott)*, 347 B.R. 917, 919–20 (Bankr. M.D. Fla. 2006) (rejecting debtor's argument that adversary

5

proceeding to impose equitable lien on real property was a personal action that infringed on discharge injunction, debtor having received a discharge before creditor amended complaint); *Sharif*, 411 B.R. at 280 (concluding discharge injunction inapplicable to reformation action for abandoned estate property). Because Chase's request to reform the deed of trust is an in rem action, the Court concludes that it does not violate the discharge injunction.

2. <u>Chase would violate the discharge injunction by pursuing a constructive trust through unjust enrichment</u>

Chase's remaining count seeking a constructive trust through unjust enrichment presents a more intricate issue. The lone case Chase produced in support of its request is *Deutsche Bank National Trust Co. v. Iqbal*, 86 Va. Cir. 11 (Va. Cir. Ct. 2012),[6] a well-reasoned decision but one that did not involve a defendant who had been granted a discharge of the underlying obligation under bankruptcy law.[7] Similarly, the case of *In re Tucker* offers no support to Chase because the lender's constructive trust remedy was a type of in rem relief authorized in a Virginia statute. *See* 516 B.R. at 346 (finding state court suit grounded on rescission of fraudulently induced deed of trust release pursuant to Va. Code § 55-66.10 that sought declaratory judgment or constructive trust against real property was pure in rem action). The Court thus appears to be faced with a novel post-discharge question: when a creditor fails to demonstrate that it is entitled to reformation of a deed of trust, does it violate the discharge injunction by pursuing a constructive trust not based on statutory authority but on the grounds of unjust enrichment? The Court answers this question in the affirmative.

In order to prevail on an unjust enrichment claim, Chase would have to demonstrate that

---

[6] *Iqbal* is also available at No. CL-2011-17995, 2012 Va. Cir. LEXIS 37.

[7] Reformation was not possible in *Iqbal* because the bank conceded it had no evidence of mutual mistake. *Id.* at 14.

"(1) [Chase] conferred a benefit on [Rebecca Hall]; (2) [Rebecca Hall] knew of the benefit and should reasonably have expected to repay [Chase]; and (3) [Rebecca Hall] accepted or retained the benefit without paying for its value." *Iqbal*, 86 Va. Cir. at 16 (quoting *Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 838 (Va. 2008)); *see also id.* (explaining unjust enrichment must also be proven by clear and convincing evidence) (quoting *Richardson v. Richardson*, 409 S.E.2d 148, 150 (Va. 1991)). The definition of unjust enrichment provided by the Supreme Court of Virginia leads this Court to conclude that allowing Chase to seek a constructive trust through unjust enrichment would breach Rebecca Hall's discharge injunction.

The Court need not look past the language used by the Supreme Court of Virginia to reach this conclusion. The aforementioned elements of unjust enrichment could be applied to all unsecured personal loans that are routinely discharged in bankruptcy. Individuals who receive personal loans are conferred a benefit that they knowingly accept and expect to repay. Such debts are dischargeable and Chase has provided no basis upon which to distinguish its unjust enrichment claim from a run-of-the-mill unsecured debt. *See Parker v. Handy (In re Handy)*, 624 F.3d 19, 22 (1st Cir. 2010) (rejecting unsecured creditor's attempt to transform discharged debt into in rem claim, and explaining fact that unsecured creditor sought a constructive trust "did not of itself give rise to a cause of action by in rem"); *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 402 (Bankr. E.D. Va. 2011) ("[A] prayer for equitable remedies *in rem* does not convert a cause of action *in personam* to a cause of action *in rem*.") (emphasis in original).

In contrast to reformation, Chase's unjust enrichment count does not rely on an equitable lien that survived the bankruptcy discharge. Instead, Chase seeks to create a new equitable lien when one does not already exist. *See Handy*, 624 F.3d at 22 ("Constructive trusts are not

7

substantive rights that confer a cause of action; they are remedial devices employed by courts once liability is found and where equity requires. Without more, [creditor] cannot transform a request for a remedy in rem into a cause of action in rem.") (citations omitted); *id.* at 21 ("[A] constructive trust is a remedy, not a status.").

Chase's argument that it would not have purchased the Halls' deed of trust had it known it would not be repaid, or at least secured, does not save it. All creditors expect to be repaid—those who do not have given a gift. On this point, Chase is in no different place than an unsecured creditor whose debt has been discharged in bankruptcy. The Court concludes that Chase will breach the discharge injunction if it continues to pursue its unjust enrichment claim.

### B. *This Court lacks jurisdiction to hear reformation in this case*

The Augusta County Circuit Court is the appropriate forum for Chase's request to reform the deed of trust. The equitable relief Chase seeks is purely a matter of state law. In contrast to *Sharif*, where the outcome of the litigation would affect estate administration, whether Chase wins or loses will have no bearing on the Halls' bankruptcy estate—there would be no assets for the trustee to administer in either case. Chase's reformation claim is thus not even "related to" this bankruptcy and the Court has no statutory authority to consider it. *See New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) (instructing that there is no "related to" jurisdiction when the outcome would have no effect on the bankruptcy estate). The Court thus lacks jurisdiction to decide whether reformation is appropriate and will defer to the wisdom and expertise of the Augusta County Circuit Court.

### C. *Contempt sanctions are not warranted*

Assuming, arguendo, that Chase violated the section 524(a)(2) discharge injunction by

including the unjust enrichment count in the state court action,[8] the Court finds that the Halls are not entitled to damages. The Court's temporary injunction has prevented Chase from making any headway on its unjust enrichment count. As a result, the Halls have not had to litigate unjust enrichment before the Augusta County Circuit Court to date. Furthermore, the Halls have relied on the same argument before this Court—that the discharge injunction protects them from both claims.

What is more, Chase has repeatedly disclaimed any desire to obtain any personal recovery from the Halls and this further militates against imposing sanctions. *See In re Tucker (Tucker II)*, 526 B.R. 616, 622 (Bankr. W.D. Va. 2015) (declining to award sanctions for violation of section 524(a) when debtor "was fully aware of [creditor's] repeated position that it was not attempting to collect against the Debtor personally"); *c.f. Bradley v. Fina (In re Fina)*, 550 F. App'x. 150, 154–55 (4th Cir. 2014) (per curiam) (unpublished decision) (affirming sanctions award when creditor's state court complaint sought monetary damages that not only exceeded maximum-allowed recovery through a state-run fund, but also sought attorney's fees and costs which were "expressly not available under the [state-run fund]"). The Court agrees with Chase that even if "a willful violation of the discharge occurred, the record does not reflect any actual damages." ECF Doc. No. 58 at 10.

### D. The Halls' argument that Chase waived the right to ask the Court to revisit its October 28, 2015 Order is misplaced

The Court will briefly address the Halls' assertion that having failed to appeal the Court's October 28, 2015 Order that temporarily enjoined it from pursuing Counts II and III of the state

---

[8] "[A] good faith mistake is generally not a valid defense" to a willful violation of the discharge injunction. *In re Tucker (Tucker II)*, 526 B.R. 616, 622 (Bankr. W.D. Va. 2015) (quoting *Bradley v. Fina (In re Fina)*, 550 F. App'x. 150, 154 (4th Cir. 2014) (per curiam) (unpublished decision)).

court action, Chase is now barred from revisiting the issue.  The Halls are mistaken.  To be sure, a temporary injunction is an appealable order.  *Conservation Council of N.C. v. Costanzo*, 528 F.2d 250, 252 (4th Cir. 1975) (per curiam).  A temporary injunction, however, is by its nature impermanent, and it is in this Court's discretion to dissolve it.  *Id.*  Based on the foregoing rulings, the Court finds it is appropriate to dissolve the temporary injunction in this case and will deny the Halls' request for a permanent injunction.  Of course, Chase is now free to pursue its state court action, but to press the unjust enrichment claim in light of this Court's ruling would be unwise.

## CONCLUSION

For the foregoing reasons, the Court dissolves the temporary injunction and denies all pending motions.  The Court will contemporaneously issue an Order consistent with the findings and rulings of this Memorandum Decision.

The Clerk is directed to serve a copy of this Memorandum Decision upon the debtors, Dale and Rebecca Hall, 1624 White Hill Road, Stuarts Draft, VA 24477.  The filing of this Memorandum Decision in the Court's CM/ECF system will send electronic notification to counsel for Chase and counsel for the Halls.

The Clerk is also instructed to mail a copy of this Memorandum Decision to the Honorable Victor V. Ludwig, Judge, Augusta County Circuit Court, Augusta County Courthouse, P.O. Box 689, 1 East Johnson Street, Staunton, VA 24402-0689.

Date: September 30, 2016

Rebecca B. Connelly
United States Bankruptcy Judge